**J. Dana Pinney**, OSB No. 753088
E-Mail: JDPinney@wagelawyer.com
**Chey Powelson**, OSB No. 035512
E-Mail: CPowelson@wagelawyer.com
Bailey, Pinney & Associates, LLC
12204 SE Mill Plain Blvd, Ste 100
Vancouver, WA 98684
Phone: (360) 567-2551
Fax: (360) 567-3331
       Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
(MEDFORD DIVISION)

| | |
|---|---|
| **ERNEST ARTHUR**, on behalf of himself and all others similarly situated,<br><br>                 Plaintiff,<br><br>v.<br><br>**MURPHY COMPANY**, an Oregon corporation, d/b/a as MURPHY VENEER, MURPHY PLYWOOD, and MURPHY HARDWOOD PLYWOOD,<br><br>                 Defendant. | Case No. 1:10 CV 3142<br><br>**CLASS ACTION<br>ALLEGATION COMPLAINT**<br><br>Fair Labor Standards Act (29 USC § 201, 207(a) and 216(b)); Oregon State Wage and Hour Laws<br><br>*DEMAND FOR JURY TRIAL* |

### PRELIMINARY STATEMENT

<u>**1.**</u>    PLAINTIFF ERNEST ARTHUR ("Plaintiff") brings this action to recover unpaid regular wages, overtime wages, liquidated damages, and civil penalty wages on behalf of himself and all similarly situated hourly employees of DEFENDANT MURPHY COMPANY, an Oregon corporation doing business as Murphy Veneer, Murphy Plywood, and/or Murphy Hardwood Plywood ("Murphy"), who worked in Oregon for Murphy at any time between December 14, 2004, through present.

<u>**2.**</u>    Plaintiff seeks on behalf of himself, unpaid overtime wages and liquidated damages under the Fair Labor Standards Act, 29 USC 201, 207(a), and 216(b) ("FLSA"), and on behalf of

Page 1 -    **COMPLAINT – CLASS ACTION**



himself and all others similarly situated, unpaid regular wages and overtime wages, accrued civil penalty wages under Oregon's wage and hour provisions (Oregon Revised Statute 653.010, ORS 652.120, 653.055, ORS 653.261, Oregon Administrative Rule ("OAR") 839-020-0030, ORS 652.140, ORS 652.150), and pre- and post-judgment interest. Plaintiff alleges a three-year statute of limitations for FLSA overtime violations, a two-year statute of limitations for Oregon overtime violations, and a six-year statute of limitations for Oregon regular wage violations, as set out below.

**3.** Plaintiff further seeks an award of costs (including reasonable out-of-pocket expenses), litigation expenses, disbursements, and attorneys' fees pursuant to 29 USC 216(b), ORS 653.055, and ORS 652.200(2), as well as from an established common fund.

## JURISDICTION & VENUE

**4.** Subject-matter jurisdiction exists pursuant to 29 USC 1331, as Plaintiff brings this action under the Federal Fair Labor Standards Act, including 29 USC 216(b). Supplemental jurisdiction exists under 28 USC 1367 for Plaintiff's Oregon state wage and hour claims because they are so factually related to the Federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution, and the actions would ordinarily be expected to be tried in one judicial proceeding.

**5.** All or a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the Federal District of Oregon. Venue is proper in the Federal District of Oregon pursuant to 28 USC 1391(b) - (c), as Defendant conducts business and maintains an office therein, and otherwise can be located in the Medford Division of this District by conducting operations, and being located in, Jackson County, Oregon.

## PARTIES

**6.** Plaintiff Ernest Arthur is an individual who at all material times hereto resided in and was a citizen of the State of Oregon. As of the filing of this Complaint, Plaintiff resides

Page 2 -    **COMPLAINT – CLASS ACTION**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
12204 SE Mill Plain Blvd, Suite 100• Vancouver, Washington  98684
(360) 567-2551 • Fax (360) 567-3331

within the State of Oregon, Jackson County.

**7.**    Plaintiff is employed by Defendant Murphy Company. At all material times hereto, Plaintiff was paid on an hourly basis, and was not exempt from provisions of either the FLSA or the Oregon wage and hour statutes and administrative rules.

**8.**    Defendant Murphy Company is an Oregon corporation, with corporate headquarters Eugene, Oregon. Defendant also does business under the business names Murphy Plywood, and Murphy Hardwood Plywood; and conducts business in various counties in Oregon, including Jackson County.

**9.**    Defendant was subject to the FLSA and Oregon State wage and hour provisions for the purpose of paying wages for all compensable work time by Plaintiff, as well as those similarly situated as a result of their employment with Defendant.

## FACTUAL BACKGROUND

**10.**    Plaintiff remains employed with Defendant in Oregon. At all material times hereto, Defendant was subject to the requirements of the FLSA, as well as Oregon's wage and hour laws. For purposes of the FLSA and Oregon State wage and hour laws, Defendant is an "employer" of Plaintiff and all others similarly situated ("employees," "class," or "putative class members"), who are non-exempt employees earning wages at an hourly rate. Plaintiff and all other employees are also protected by the relevant provisions under Federal and State law prohibiting retaliation by Defendant and its agents against Plaintiff's and other employees' participation in a proceeding or lawsuit to recover or assist in recovering unpaid wages.

**11.**    Plaintiff's regular hourly rate of pay was approximately $16.61; Plaintiff's overtime rate of pay was 1.5 times his regular rate. In certain work weeks, Plaintiff and all others similarly situated performed compensable work time in excess of 40 hours. Plaintiff's and those other employees' compensable work time involved activities which were integral and indispensable to their principal work activities.

Page 3 -    COMPLAINT – CLASS ACTION

**12.**     Defendant required Plaintiff and other employees to start and end their work shifts on a set schedule. Defendant required them to use an electronic time clock system to record their start (clock-in) and end (clock-out) times. Plaintiff's use of the time clock system resulted in a record of his clock-in and clock-out times. After clocking in and before clocking out, Plaintiff and other employees would perform work-related tasks for the benefit of Defendant, and while on the clock were generally not free to do things other than the tasks and duties assigned, required, or otherwise expected by Defendant.

**13.**     Although Defendant's time clock system recorded the exact clock-in and clock-out times, Defendant had a common policy and/or practice of rounding Plaintiff's and other employees' clock-in times forward, and clock-out times back, and then paying wages only for the time as rounded. For example:

> If an employee clocked in at 3:53 p.m. for a 4:00 p.m. scheduled shift start time, Defendant would round the employee's start time forward to 4:00 p.m., even though Plaintiff and other employees had clocked in prior to 4:00 p.m. to perform activities integral and indispensable to their principal job activities. At the end of a shift, if the employee clocked out seven minutes beyond their scheduled shift end time, Defendant would round that clock-out time back to the scheduled end time.

**14.**     Upon information and belief, Defendant would only round in a manner so as to reduce Plaintiff and other employees' recorded, compensable work time. Defendant's rounding policies and/or practices resulted in Defendant systematically underpaying Plaintiff and other employees hourly wages less than the compensable work time in which Plaintiff and the other employees had engaged, and for which they were entitled to wages pursuant to the FLSA and/or Oregon's wage and hour provisions. The payment of wages less than that to which Plaintiff and the putative class members give rise to causes of action by them against Defendant for unpaid wages, including unpaid overtime.

///

Page 4 -         **COMPLAINT – CLASS ACTION**

**15.**   There was no lawful reason for Defendant to have rounded Plaintiff's and putative class members' time records, because Defendant had the technology to record and pay for the exact time each employee starts and ends their compensable work time.

**16.**   The compensable work time which Defendant rounded from Plaintiff's and other employees' time records was not *de minimis*. Such rounding was not administratively necessary, the time spent by Plaintiff and the employees was not, and is not, insignificant, and such rounding was a practice as opposed to a rare or isolated event.

**17.**   On or about December 8, 2010, by overnight delivery Plaintiff's attorneys sent Defendant written notice of Plaintiff's wage claims under Oregon law. Upon information and belief, Defendant received that notice by no later than December 9, 2010.

**18.**   As of the filing of this Complaint, Defendant has failed to pay Plaintiff for all wages and overtime wages due and owing under Federal and/or Oregon state wage and hour provisions.

## OREGON STATE LAW
## CLASS ACTION ALLEGATIONS

**19.**   Plaintiff brings Oregon State law claims for unpaid wages and overtime wages on behalf of himself and pursuant to Federal Rule of Civil Procedure (FRCP) 23 as the class representative for other putative class members consisting of the following persons:

> All current and former hourly-paid basis employees who worked for Defendant in Oregon at any time during the last six years, through and including the present date through adjudication, and for whom Defendant used one or more electronic timekeeping systems to track their authorized, required, and/or scheduled attendance.

**20.**   The Oregon State law claims, if certified for class-wide treatment, may be pursued by all similarly-situated persons who do not, after being sent notice, opt-out of the class.

**21.**   As set forth herein, Plaintiff's Oregon State claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to FRCP 23.

Page 5 -   COMPLAINT – CLASS ACTION

**22.** Numerosity (FRCP 23(a)(1)): The class satisfies the numerosity element. The class is believed to exceed 30 persons, and may increase based on the turnover rate of employees during applicable statute of limitations. As a result, joinder of all class members in a single action is impracticable. The precise number of class members and their addresses is unknown to the Plaintiff, but their identities and addresses can be ascertained from Defendant's records. Class members may be notified of the pendency of this action by first-class mail.

**23.** Commonality (FRCP 23(a)(2)): There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include but are not limited to the following:

> A. Whether Defendant had a policy and/or practice of rounding down hourly employee work time before paying wages;
>
> B. Whether Defendant had accurately recorded such work time;
>
> C. Whether Defendant failed to properly calculate overtime rates of pay for Plaintiff and other employees;
>
> D. Whether Defendant failed to pay overtime wages at the applicable rates to Plaintiff and other employees for all compensable employee work time;
>
> E. Whether Defendant failed to pay regular wages to Plaintiff and other employees for all compensable employee work time;
>
> F. Which remedies are available for the violations of Federal and State wage and hour violations.

**24.** The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon State claims.

**25.** Typicality (FRCP 23(a)(3)): Plaintiff's claims are typical of the putative class members' claims because Defendant employed Plaintiff in the same or similar position, and

Page 6 -     COMPLAINT – CLASS ACTION

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
12204 SE Mill Plain Blvd, Suite 100• Vancouver, Washington 98684
(360) 567-2551 • Fax (360) 567-3331

Plaintiff and other hourly employees were subject to the same common time clock rounding policies and practices alleged above. Plaintiff's claims are typical of those putative class members in that:

    A.    Plaintiff was affected by at least one of the violations described above;

    B.    Plaintiff's claims stem from the same practices and/or courses of conduct that form the basis of the claims;

    C.    Plaintiff's claims are based upon the same legal and remedial theories as those of the putative class members and involve similar factual circumstances; and

    D.    Plaintiff's injuries are similar to the injuries which the putative class members are believed to have suffered.

**26.** <u>Adequacy of Representation</u> (FRCP 23(a)(4)): The named Plaintiff will fairly and adequately represent and protect the interests of the class because:

    A.    There are no conflicts between his claims and those of other class members;

    B.    Plaintiff has retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute the litigation;

    C.    Plaintiff's claims are typical of the claims of class members; and

    D.    The interests of the class members will be fairly and adequately protected by Plaintiff and his counsel.

**27.** <u>Superiority</u> (FRCP 23(b)(3)): A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and class members. Each class member's damage amount may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Moreover, even if class members could afford individual litigation, the court system could not. Individual litigation presents a potential for inconsistent or contradictory judgments and increases the potential for delay and expense for all parties. A class action will present far fewer management difficulties and will provide the benefits of a single adjudication, economy of

Page 7 -    **COMPLAINT – CLASS ACTION**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
12204 SE Mill Plain Blvd, Suite 100• Vancouver, Washington 98684
(360) 567-2551 • Fax (360) 567-3331

scale, and comprehensive supervision by a single court. Plaintiff's claims are appropriate for certification under FRCP 23(b)(3).

**28.** Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## FIRST CLAIM FOR RELIEF
(FLSA Overtime Wage and Liquidated Damages -
29 USC 207, 29 USC 216(b))

**29.** Plaintiff re-alleges and incorporates by this reference the allegations contained above, as though fully set forth herein.

**30.** Plaintiff has at all times been a non-exempt, hourly employee entitled under the FLSA to be paid wages at the overtime rate for hours worked in excess of 40 hours in a work week. Defendant had a duty to comply with FLSA overtime wage requirements of 29 USC 207 but violated those requirements by failing to pay Plaintiff all earned overtime calculated at a rate of not less than 1.5 times their regular rate for all work time over 40 hours in any given workweek.

**31.** Defendant's violation of the FLSA overtime wage requirements was the result of Defendant's deliberate, common policy and/or practice of, as alleged in Paragraphs 12 - 14, rounding Plaintiff's electronic clock-in work times forward, and clock-out work times back, and then paying wages only for the reduced work time as rounded. Defendant's violation of the FLSA overtime wage requirements was willful; Defendant did not act in good faith, and otherwise engaged in such conduct with reckless disregard for the overtime provisions of the Fair Labor Standards Act.

///

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
12204 SE Mill Plain Blvd, Suite 100• Vancouver, Washington  98684
(360) 567-2551 • Fax (360) 567-3331

32. Defendant's rounding has caused Plaintiff to incur unpaid overtime wages. Had Defendant not utilized a policy and/or practice of rounding down his compensable work time, the paid wages of Plaintiff would have included overtime wages, or additional overtime wages.

33. As a result of Defendant's FLSA violations described herein, pursuant to 29 USC 216(b), Plaintiff is entitled to recover from Defendant: the amount of his unpaid overtime wages, plus an equal amount as liquidated damages, plus reasonable costs, disbursements, and attorneys' fees.

### SECOND CLAIM FOR RELIEF
(Oregon State Unpaid Overtime Wages – ORS 653.261,
OAR 839-020-0030; Civil Penalty Wages –
ORS 653.055, ORS 652.150)

34. Plaintiff re-alleges and incorporates by this reference the allegations contained above, as though fully set forth herein.

35. Oregon Revised Statute section 653.261, in conjunction with OAR 839-020-0030, provide that an employee is entitled to the payment of wages at the rate of not less than 1.5 times the regular rate of pay for all work performed for the employer in excess of forty (40) hours per week.

36. Oregon Revised Statute section 653.055(1) provides in part, *inter alia*, that an employer who fails to pay the employee all earned wages arising under ORS 653.010 through ORS 652.261, is liable to the employee for those unpaid wages, plus a civil penalty wage as calculated pursuant to ORS 652.150. Willfulness is not required to recover a civil penalty wage arising under ORS 653.055(1).

37. Plaintiff and the other putative class members were non-exempt, hourly employees, entitled under ORS 653.055, ORS 653.261, and OAR 839-020-0030, to be paid wages at the overtime rate for hours worked in excess of 40 hours in a work week.

38. Defendant violated those wage and hour provisions by failing to pay wages to Plaintiff and other class members at not less than 1.5 times his regular rate of pay at which they

Page 9 -       COMPLAINT – CLASS ACTION

were employed, for each hour worked in excess of forty (40) hours in one or more workweeks.

**39.**    Defendant's violations of Oregon's overtime wage requirements were the result of Defendant's knowing, common policy and/or practice of, as alleged in Paragraphs 12 - 14, rounding Plaintiff's and other class members' electronic clock-in times forward, and clock-out times back, and then paying wages only for the reduced work time as rounded.

**40.**    Defendant's rounding has caused Plaintiff and the putative class members to incur unpaid overtime wages. Had Defendant not utilized a policy and/or practice of rounding down their hourly employees' compensable work time, the paid wages of Plaintiff and the putative class members would have included overtime wages, or additional overtime wages.

**41.**    As a result of Defendant's violations, Plaintiff and the class are entitled to recover those unpaid overtime wages in amounts to be determined at trial, in addition to civil penalty wages calculated under ORS 652.150, as well as pre-judgment interest, costs, disbursements, litigation expenses, and attorneys' fees pursuant to ORS 652.200(2) and ORS 653.055, as well as from an established common fund.

### THIRD CLAIM FOR RELIEF
(Oregon State Unpaid Regular Wages – ORS 653.010,
ORS 653.055; Civil Penalty Wages – ORS 653.055,
ORS 652.150)

**42.**    Plaintiff re-alleges and incorporates by this reference the allegations contained above, as though fully set forth herein.

**43.**    Oregon Revised Statute section 653.010, in conjunction with ORS 652.120, provide that an employee is entitled to the payment by the employer of all wages earned by reason of employment.

**44.**    Oregon Revised Statute 653.055(1) provides in part, *inter alia*, that an employer who fails to pay the employee all earned wages arising under ORS 653.010 through ORS 653.261, is liable to the employee for those unpaid wages, plus a civil penalty wage as calculated pursuant to ORS 652.150. Willfulness is not required to recover a civil penalty wage arising under ORS 653.055(1).

Page 10 -    **COMPLAINT – CLASS ACTION**

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
12204 SE Mill Plain Blvd, Suite 100• Vancouver, Washington 98684
(360) 567-2551 • Fax (360) 567-3331

**45.**  Plaintiff and the other putative class members were non-exempt, hourly employees, entitled under ORS 653.010 and ORS 652.120 to be paid all regular wages earned by reason of employment.

**46.**  Defendant violated those State wage and hour provisions by failing to pay all regular wages to Plaintiff and other class members which they had earned by reason of employment.

**47.**  Defendant's violations were the result of a knowing, common policy and/or practice of, as alleged in Paragraphs 12 - 14, rounding Plaintiff's and other class members' electronic clock-in times forward, and clock-out times back, and then paying wages only for the reduced work time as rounded.

**48.**  Defendant's rounding has caused Plaintiff and the putative class members to incur unpaid regular wages. Had Defendant not utilized a policy and/or practice of rounding down their hourly employees' compensable work time, the paid wages of Plaintiff and the putative class members would have included additional, regular wages.

**49.**  As a result of Defendant's violations, Plaintiff and the class are entitled to recover those unpaid regular wages in amounts to be determined at trial, in addition to civil penalty wages calculated under ORS 652.150, as well as pre-judgment interest, costs, disbursements, litigation expenses, and attorneys' fees pursuant to ORS 652.200(2) and ORS 653.055, as well as from an established common fund.

**FOURTH CLAIM FOR RELIEF**
(Late Payment of All Wages – ORS 652.140,
ORS 652.150)

**50.**  Plaintiff re-alleges and incorporates by this reference the allegations contained above, as though fully set forth herein.

**51.**  In addition to the State law requirements under ORS 653.055, ORS 653.261, when the employment relationship ends, ORS 652.140(1)-(2) requires the employer to pay the departing employee all wages earned and unpaid. If an employer fails to timely pay all wages

Page 11 -   COMPLAINT – CLASS ACTION

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
12204 SE Mill Plain Blvd, Suite 100• Vancouver, Washington  98684
(360) 567-2551 • Fax (360) 567-3331

when due, then the employee's wages continue each calendar day, until the underlying wages are paid, up to a maximum of 30 days, pursuant to ORS 652.150(1).

**52.** For those putative class members whom Defendant failed to pay all earned wages as alleged in the <u>Second</u> and <u>Third</u> claims for relief, upon those class members' termination of employment with Defendant, Defendant failed to pay all of those earned wages due, within the time periods required in ORS 652.140.

**53.** Defendant was free to pay those wages, and was able to pay the class members' wages earned and due when required by ORS 652.140(1)-(2).

**54.** Defendant's failure to timely pay those class members all earned wages at the end of their employment, within the time periods prescribed by ORS 652.140(1)-(2), was willful. Defendant knew or reasonably should have known of all of the historical circumstances triggering Defendant's obligation under ORS 652.140 to timely pay all wages due and owing to putative class members whose employment had ended.

**55.** Pursuant to ORS 652.150, those putative class members are entitled to a civil penalty wages equal to (their Regular Hourly Rate) * (8 hours per day) * (30 days) for Defendant's failure to pay all earned wages within the time periods set forth in ORS 652.140. Plaintiff and the putative class members are also entitled to pre-judgment interest, costs, disbursements, litigation expenses, and reasonable attorneys fees pursuant to ORS 652.200(2), as well as a common fund.

## PRAYER FOR RELIEF

WHEREFORE, based on the above allegations, Plaintiff demands judgment in his favor and against Defendant for the following:

**A.** An award under the FLSA for unpaid overtime wages due and owing, plus an equal amount as liquidated damages.

**B.** An award under Oregon state wage and hour laws for an amount of unpaid regular wages and overtime wages due and owing, plus the legally applicable pre- and post-judgment interest allowable on those amounts.

Page 12 -   COMPLAINT – CLASS ACTION

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
12204 SE Mill Plain Blvd, Suite 100• Vancouver, Washington  98684
(360) 567-2551 • Fax (360) 567-3331

<u>**C.**</u>   An award of Oregon state law civil penalty wages calculated for the statutory thirty (30) day maximum under ORS 652.150 as a result of unpaid overtime wages due under Oregon law, plus pre- and post-judgment interest at the legally applicable rates allowable on those amounts.

<u>**D.**</u>   An award of Oregon state law civil penalty wages calculated for the statutory thirty (30) day maximum under ORS 652.150 as a result of unpaid regular wages due under Oregon law, plus pre- and post-judgment interest at the legally applicable rates allowable on those amounts.

<u>**E.**</u>   An award for all costs, disbursements, litigation expenses, and attorneys' fees pursuant to 29 USC § 216(b), ORS 652.200(2), and/or ORS 653.055, as well as from an established common fund.

<u>**F.**</u>   An award of all further or alternative relief in favor of Plaintiff as the Court deems just and appropriate under the circumstances.

Dated December 13, 2010.

BAILEY, PINNEY & ASSOCIATES, LLC

J. DANA PINNEY, OSB No. 753088
JDPinney@wagelawyer.com
CHEY K. POWELSON, OSB No. 035512
Cpowelson@wagelawyer.com
Phone: 360 - 567 - 2551
Fax:    360 - 567 - 3331
Of Attorneys for Plaintiff Ernest Arthur

Page 13 -    **COMPLAINT – CLASS ACTION**

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
12204 SE Mill Plain Blvd, Suite 100• Vancouver, Washington  98684
(360) 567-2551 • Fax (360) 567-3331