**Michael E. Haglund** OSB No. 772030
email: mhaglund@hk-law.com
**HAGLUND KELLEY JONES & WILDER LLP**
200 SW Market Street, Suite 1777
Portland, Oregon 97201
Phone: (503) 225-0777
Facsimile: (503) 225-1257

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Medford Division)

**ERNEST ARTHUR,** on behalf of himself and all others similarly situated,

Plaintiff,

v.

**MURPHY COMPANY**, an Oregon corporation, d/b/a as MURPHY VENEER, MURPHY PLYWOOD, and MURPHY HARDWOOD PLYWOOD,

Defendants.

Case No.: CV 1:10cv3142-CL

**DECLARATION OF JOHN R. MURPHY IN OPPOSITION TO EXISTENCE OF CLASS ACTION SETTLEMENT**

I, John R. Murphy, being sworn, declare:

1. I am the president of Murphy Company, reside in Eugene, Oregon and make this declaration based upon my own personal knowledge. I am one of four shareholders of Murphy Company along with my brothers Peter and Dennis Murphy and cousin Edward Murphy. Our company operates veneer plants in White City, Oregon and Elma, Washington, a hardwood plywood plant in Eugene, an engineered lumber facility in Sutherlin and a softwood plywood

plant in Rogue River. All total, Murphy Company employs nearly 600 workers at its five production facilities.

2. During the week prior to the June 13, 2011 mediation session before Judge Coffin in Eugene, I was in Europe attending a trade conference related to engineered wood manufacturing equipment similar to the equipment used by our company at its Sutherlin plant. I returned to Eugene on June 12, but had a very busy schedule for the following day that included the mediation session and another meeting in the afternoon. Throughout my career with Murphy Company dating back to 1974, I have not been involved in many mediation sessions and I assumed that it would not take the entire day of June 13.

3. At the point where I left the federal courthouse in Eugene for my other meeting, there was no settlement agreement. Our attorney Thomas M. Triplett and company human resources and safety manager Scott Prowell remained at the mediation session, but neither had authority to conclude a settlement. Late in the afternoon, I received a telephone call from Mr. Triplett recommending that a total settlement fund of $450,000 be approved. I did approve that total sum, but was not informed of and did not approve any other terms of a proposed settlement.

4. I saw the handwritten document entitled "Agreed Mediated Class Payout" signed by plaintiff's counsel Bud Bailey and Mr. Triplett that is Exhibit C to Mr. Bailey's declaration for the first time this week. Had I been informed on June 13 that $150,000 of the settlement fund was to go to plaintiff's counsel, plus another $25,000 for class administration by plaintiff's law firm plus $25,000 to plaintiff, I never would have approved a $450,000 total settlement fund. In fact, the first time that I became aware of these proposed terms was during the week of June 20



HAGLUND KELLEY JONES & WILDER LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
0000012009H073

when I was provided with a copy of the proposed Notice of Class Action Settlement and Settlement Agreement. I have strong objections to what I consider to be an excessive incentive fee to plaintiff, excessive legal fees to plaintiff's counsel and an approach to class administration that places plaintiff's law firm in direct communication with our company's employees.

5. To the best of my knowledge, our company has never been a defendant in a class action case previously. As of June 13, I was not aware of the full range of comprehensive terms that must be agreed to in order to conclude a class action settlement agreement. At no time did I grant authority to our attorney Mr. Triplett or to our employee Scott Prowell to agree to the terms of the handwritten "Agreed Mediated Class Payout." In fact, the sum that I tentatively approved at $450,000 in a telephone call without knowledge of the other proposed terms and conditions was sufficiently large that it was my expectation that the settlement would have to be approved by the Murphy Company Board of Directors. In the press of business on June 13, none of these details were discussed or agreed upon.

6. I have considerable experience in business transactions that are documented in comprehensive agreements. I have been involved in multiple deals where the parties agreed in principle to a purchase price, but then the deal ultimately collapsed when the parties could not reach agreement regarding the terms and conditions of a comprehensive purchase and sale agreement. While I did approve the $450,000 figure on June 13, I never would have approved that figure in combination with the other terms set out on the handwritten "Agreed Mediated Class Payout" or the much more comprehensive provisions set out in the Notice of Class Action Settlement and Settlement Agreement prepared by plaintiff's counsel.



HAGLUND KELLEY JONES & WILDER LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
0000012009H073

I declare under penalty of perjury that the above statement is true and correct to the best of my knowledge.

Dated this 21st day of July, 2011.

/s/ John R. Murphy
John R. Murphy



HAGLUND KELLEY JONES & WILDER LLP
ATTORNEYS AT LAW
200 SW MARKET STREET, SUITE 1777
PORTLAND, OR 97201
0000012009H073

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2011, I served the foregoing **DECLARATION OF JOHN R. MURPHY IN OPPOSITION TO EXISTENCE OF CLASS ACTION SETTLEMENT**, on the following:

J. Dana Pinney
BAILEY, PINNEY & ASSOCIATES, LLC
12204 SE Mill Plain Blvd, Suite 100
Vancouver, WA 98684

by the following indicated method(s):

☐ by **mailing** a full, true and correct copy thereof in a sealed first-class postage prepaid envelope, addressed to the foregoing attorney at the last known office address of the attorney, and deposited with the United States Post Office at Portland, Oregon on the date set forth above.

☐ by causing a full, true and correct copy thereof to be **hand delivered** to the attorney at the last known address listed above on the date set forth above.

☐ by sending a full, true and correct copy thereof via **overnight mail** in a sealed, prepaid envelope, addressed to the attorney as shown above on the date set forth above.

☐ by **faxing** a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office on the date set forth above.

☒ by transmitting full, true and correct copies thereof to the attorney through the court's Cm/ECF system on the date set forth above.

/s/Michael E. Haglund