IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERNEST ARTHUR, on behalf of himself and
all others similarly situated,

              Plaintiff,

v.

MURPHY COMPANY, an Oregon corporation
d/b/a Murphy Veneer, Murphy Plywood, and
Murphy Hardwood Plywood

              Defendant.

Civ. No. 10-3142-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's motion for reconsideration (#44) and motion to amend (#47). For the reasons stated below, the motion for reconsideration is denied and the motion to amend is granted.

## BACKGROUND

On December 14, 2010, plaintiff Ernest Arthur ("Arthur"), on behalf of all those similarly situated, brought this action for violations of the overtime wage requirements of the Fair Labor Standards Act ("'FLSA"), 29 U.S.C. § 201, *et seq.,* and Oregon's wage and hour provisions against defendant Murphy Company, d/b/a Murphy Veneer, Murphy Plywood, and Murphy Hardwood Plywood ("Murphy Co."). On March 28, 2011, the parties advised the court (#10) of

Page 1 – ORDER

a mutual interest in pursuing court sponsored settlement negotiations at the early stages of this action. Following resolution (#14) of an initial dispute regarding the scope of pre-certification discovery, the parties were ordered to attend a settlement conference with United States Magistrate Judge Thomas M. Coffin on June 13, 2010. At the conclusion of the settlement conference, the case was reported (#17) as settled and the parties were ordered to submit the proposed class settlement to this court for final approval pursuant to Federal Rule of Civil Procedure 23.[1] However, at the initial fairness hearing (#22) on July 15, 2011, it became evident that the parties' positions regarding settlement had substantially diverged. The court therefore ordered (#30) the parties to brief their positions with respect to the alleged settlement agreement.

Arthur subsequently filed a motion (#33) to enforce the settlement agreement, which Murphy Co. opposed (#37). On October 31, 2011, the court issued its opinion and order (#42), finding that although a complete agreement existed, it was not binding and enforceable because the parties did not reach an agreement with respect to all material terms. More particularly, the court found that although Murphy Co.'s counsel had express authority to accept plaintiff's offer to settle all of the claims in the action for a particular amount, he had neither express, implied, nor apparent authority to bind Murphy Co. with respect to the additional material terms of attorney fees, incentive fees to the class representative, and administration of the settlement fund, although the issue of apparent authority was a close call. The court further found that Murphy Co. had failed to comply with the court's orders by being unprepared to engage in the settlement negotiations and failing to have the persons with authority to bind it present at the settlement conference. Finding this conduct sanctionable, the court ordered Murphy Co. to pay Arthur's reasonable attorney's fees and costs incurred as the result of attending the settlement conference, drafting the settlement documents and attempting to conclude the settlement, and making the

---

[1] The parties consented (#19) to jurisdiction by a Magistrate Judge on June 27, 2011.

Page 2 – ORDER

motion to enforce the settlement agreement. On November 18, 2011, Arthur filed his petition for attorney's fees, costs, and expenses (#50).

On November 10, 2011, Arthur filed concurrent motions seeking reconsideration (#44) of the court's order denying his motion to enforce the settlement agreement and in the alternative, requesting the court to amend (#47) its order to certify for interlocutory appeal its decision that Murphy Co. is not bound by the settlement agreement and stay all further proceedings in this case pending the appeal.

## LEGAL STANDARDS

### I. Motion for Reconsideration

Motions to reconsider are generally treated as motions to alter or amend the judgment under Federal Rules of Civil Procedure ("Rule") 59(e) or a motion for relief from judgment under Rule 60(b). *See* Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263. "A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly.'" Defenders of Wildlife v. Browner, 909 F.Supp. 1342, 1351 (D. Ariz. 1995) (*quoting* Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Arguments that a court was in error on the issues it considered should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F.Supp. 305, 309 (D. Ariz. 1992). The decision whether to grant a motion for consideration is committed to the sound discretion of the district court. Holder v. Simon, 384 Fed. Appx. 669, 669 (9th Cir. 2010) (*citing* Sch. Dist. No. 1J, 5 F.3d at 1262-63).

## II. Motion to Amend to Certify for Interlocutory Appeal

28 U.S.C. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. The district court may certify an order for interlocutory appellate review when (1) the order involves a controlling issue of law; (2) there is substantial ground for differences of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See, e.g.*, Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S.Ct. 2454 (1978); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom.* Arizona v. Ash Grove Cement Co., 459 U.S. 1190, 103 S.Ct. 1173 (1983). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Coopers & Lybrand, 437 U.S. at 475. A court has substantial discretion to decide whether to grant a motion for certification. Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F.Supp.2d 1081, 1087 (E.D.Cal. 2008). The Court concludes that plaintiff has met his burden.

## DISCUSSION

In his motion for reconsideration, Arthur renews his arguments that under Johnson v. Tesky, 57 Or. App. 133, 643 P.2d 1344 (1982) and Kaiser Found. Health Plan v. Doe, 136 Or. App. 566, 903 P.2d 375 (1995), Murphy Co.'s counsel had apparent authority not only to negotiate a settlement on its behalf but to enter into a binding settlement agreement on its behalf. The court has already considered these authorities and Arthur's arguments as to their significance, and finds no reason to revisit them. Arthur's argument that this court erred in its

Page 4 – ORDER

consideration of them is a matter properly directed to an appellate court. The motion for reconsideration is therefore denied.

However, the court concludes that Arthur has met his burden with respect to his motion to amend. First, there is a controlling issue of law: whether under Oregon law Murphy Co.'s counsel had apparent authority to enter into a binding settlement agreement on its behalf.

Second, there is "substantial ground for difference of opinion." It is undisputed that "[a]pparent authority is created by conduct of the principal, which when reasonably interpreted causes a third party to believe that the principal has authorized the agent to act on the principal's behalf in the matter." Kaiser Found. Health Plan v. Doe, 136 Or. App. 566, 573, 903 P.2d 375 (1995) (*citing* Jones v. Nunley, 274 Or. 591, 595, 547 P.2d 616 (1976)). The existence or non-existence of apparent authority is therefore a question of fact. The issue is what conduct is sufficient as a matter of law to establish the apparent authority of an attorney not only to negotiate a settlement agreement on behalf of his or her client, but to bind the client to the negotiated terms. It is clear that mere employment does not, under Oregon law, clothe an attorney with apparent authority to enter into a binding settlement agreement on behalf of a client. Johnson v. Tesky, 57 Or. App. 133, 137, 643 P.2d 1344 (1982). Likewise, a client's express authorization to negotiate a settlement does not clothe an attorney with the apparent authority to bind the client to the negotiated terms. Id. However, where an attorney is expressly authorized to negotiate a settlement agreement and the attorney negotiates a complete agreement with the opposing side, communicates the settlement, and the client approves the settlement, the agreement is binding on the client even if he or she was unaware of all of the terms contained in the agreement. Kaiser Found. Health Plan v. Doe, 136 Or. App. 566, 903 P.2d 375 (1995).

Page 5 – ORDER

The issue in this case lies somewhere in between Johnson and Kaiser and, in the court's estimation, presented a very close call on whether apparent authority had been established. Rather than allowing its attorney to negotiate on its behalf, Murphy Co. required two of its representatives to be present during the settlement and, when one representative left, agreed to continue in settlement negotiations contingent upon that representative's continued availability to participate by phone. Rather than negotiating a complete agreement, the parties negotiated the terms of the agreement piecemeal, and the client's attorney received express authorization to accept only some of the proposed terms, not all. The issue is therefore whether a client who expressly authorizes its attorney to accept certain terms which by themselves do not constitute a complete agreement clothes its attorney with the apparent authority not only to negotiate but to bind the client to the remaining material terms. Although this court ultimately answered that question in the negative, "fair-minded jurists might reach [a] contradictory conclusion[]." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011).

Third, an interlocutory appeal may materially advance the litigation. An interlocutory appeal must be likely to materially speed the termination of the litigation. This factor is linked to whether an issue of law is "controlling" in that the Court should consider the effect of a reversal by the court of appeals on the management of the case. In re Cement Antitrust Litig., 673 F.2d at 1026. Here, if Arthur is successful on appeal and the Ninth Circuit rules in his favor, it will dispose of all further litigation. This is tremendously significant considering that this action, which alleges both individual and class action claims, was filed December 14, 2010, and only limited pre-certification discovery has taken place so far.

While certification pursuant to § 1292(b) is to be used sparingly, on balance, the court finds that its order meets all of the necessary criteria for the reasons discussed above and is

Page 6 – ORDER

appropriate for certification. Arthur's motion to amend (#47) the court's Order (#42) for certification under 28 U.S.C. § 1292(b) for immediate appeal is therefore granted.

Arthur requests a stay of further proceedings pending resolution of the interlocutory appeal. "Although the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" Ass'n of Irritated Residents, 634 F.Supp.2d at 1094 (*quoting* Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972)). Here, resolution of the interlocutory appeal in Arthur's favor would result in the termination of this case. Accordingly, Arthur's request for a stay pending resolution of the interlocutory appeal is granted.

## CONCLUSION

The motion to amend (#47) is GRANTED. The court amends its order (#42) to add the following sentence: "The court certifies the issues decided by this order for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b)." In the interest of judicial economy, all further proceedings in this case, including those relating to plaintiff's pending petition for attorney's fees, costs, and expenses (#50), are stayed during the pendency of the appeal. The motion for reconsideration (#44) is DENIED.

IT IS SO ORDERED.

DATED this _17_ day of January, 2012.

MARK D. CLARKE
United States Magistrate Judge

Page 7 – ORDER