IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERNEST ARTHUR, on behalf of himself
and all others similarly situated,

        Plaintiff,

        v.

MURPHY COMPANY, an Oregon
corporation d/b/a MURPHY VENEER,
MURPHY PLYWOOD, and MURPHY
HARDWOOD PLYWOOD,

        Defendant.

Civ. No. 10-3142-CL

**ORDER AWARDING
ATTORNEY FEES AND COSTS**

CLARKE, Magistrate Judge:

Pursuant to this Court's October 31, 2011 Order Denying Pl.'s Motion to Enforce Settlement Agreement (Order) (ECF # 42), defendant was ordered to pay plaintiff's reasonable fees and costs incurred as a result of (1) attending the settlement conference, (2) drafting the settlement documents and following up with defendant's attorneys in attempts to conclude the

ORDER - 1

settlement, and (3) making the motion to enforce the settlement agreement. The parties have submitted memoranda which outline their proposals for determining the appropriate fees and costs owed to plaintiff. The parties disagree on both the scope of the fees and costs ordered pursuant to the sanction, and also the reasonableness of the hourly rates proposed in plaintiff's fee calculation; plaintiff seeks $79,158.00 in fees and $2,436.76 in costs, while defendant contends that the reasonable fee award should be no more than $20,000. For the reasons explained below, the Court awards reasonable attorney fees and costs of $47,751.75.

## DISCUSSION

### A. Standards

Attorney fees in Oregon and elsewhere are calculated using the "lodestar" method. Under the lodestar method, the court multiplies the number of hours properly expended on the litigation by a reasonable hourly rate. See Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (internal citation omitted). The party seeking an award of fees bears the burden of documenting the appropriate hours expended, and must present evidence of those hours worked in support of its fee proposal. United Steelworkers of Am. v. Ret. Income Plan for Hourly-rated Emp. Of Asarco, Inc., 512 F.3d 555, 565 (9th Cir. 2008). The lodestar method considers the following factors insofar as they are relevant to the matter at hand:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of the other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995) (internal citations omitted). A

ORDER - 2

rote recitation of the factors is unnecessary as long as the court adequately explains the basis for the attorney fees. Robledo v. Orellana, No. 3:11-CV-00758-BR, 2012 WL 442122 at *2 (D.Or., Feb. 10, 2012) (quoting McGinnis v. Kentucky Fried Chicken of Cal., 51 F.3d 805, 809 (9th Cir. 1995)).

**B. Appropriate Hours Within the Scope of the Order**

The first inquiry is to determine the number of hours expended by plaintiff's counsel which fall within the scope of the Court's Order (#42). The Order required defendant to pay reasonable fees and costs as a sanction for its failure to comply with the orders of the court by being unprepared to engage in settlement negotiations, and failing to have the persons with authority to bind defendant present at the settlement conference. Id. Plaintiff submitted an itemized listing of its proposed fees and costs, which included fees and costs incurred prior to the settlement conference, including those associated with discovery and depositions. Decl. of A.E. Bud Bailey in Support of Pl.'s Petition for Attorney Fees, Costs & Expenses (Baily Decl.), ECF # 52, Exs. 1, 2. Defendant contends that the scope of the order precludes recovery of all fees and costs incurred by plaintiff prior to the June 13, 2011 settlement conference. Def.'s Objections to Pl.'s Petition for Attorney Fees, Costs & Expenses (Def.'s Mem.), ECF # 54, at 4. Defendant is correct to point out that the Court did not order defendant to pay attorney's fees or costs for discovery and depositions. See id. at 3. However, defendant's suggestion that the Court preclude all fees and costs associated with plaintiff's preparation for the settlement conference is misplaced. Conversely, Plaintiff overstates the intended scope of the order in suggesting that because "all litigation, discovery and depositions were for the purpose of mediation," plaintiff should be awarded all of the fees and costs incurred since the outset of the litigation. Pl.'s Mem.

ORDER - 3

Supporting Petition for Attorney Fees, Costs & Expenses (Pl.'s Mem.), ECF # 51, at 2.

Common sense dictates that attending a settlement conference in an attempt to resolve a lawsuit requires reasonable preparation in order to both effectively represent one's client, and abide by any instructions of the court. For example, Magistrate Judge Coffin's Settlement Conference Scheduling Order of April 20, 2011 required, under penalty of sanction, the presence of all parties with settlement authority for the duration of the mediation, and also ordered parities to prepare and submit a settlement document which analyzed the strengths and weaknesses of their respective cases. Preparation of the settlement document is clearly an integral part of the mediation process; the time and effort expended in its creation should not be separated from the fees and costs of attendance when determining the scope of a sanction for failure to adhere to the agreed-upon rules. At the same time, it is not reasonable to extend the scope of that sanction to encompass all of the fees and costs incurred over the entire course of a litigation. The sanctions at issue here are intended to ensure fair play on the day of mediation, not to provide windfalls to parties who comply with the Court's guidelines. With that in mind, the proper scope of this sanction includes fees and costs incurred in preparation for the conference beginning on April 20, 2011, fees and costs incurred on the day of the conference, and fees and costs incurred attempting to enforce the mediated agreement up to and including November 18, 2011, which is the date of plaintiff's final entry in the fee petition. See Bailey Decl., Ex. 2.

Careful analysis of the number of hours claimed by plaintiff for preparation, attendance, and enforcement of the settlement conference according to the time frame described above results as follows: A.E. Bud Bailey, 24.4 hours; J. Dana Pinney, 7.1 hours, Chey K. Powelson, 46.5 hours; and Karen A. Moore, 48.9 hours. See id. The result, totaling 126.9 hours, is well

ORDER - 4

within the range suggested by the parties; defendant suggested 77.2 total hours, and plaintiff calculated 201.4 total hours. Def.'s Mem. at 3; Pl.'s Mem. at 2. The discrepancy between the hours determined by the Court and the hours proposed by plaintiff is primarily due to establishing April 20, 2011 as the beginning date for the sanction calculation rather than January 5, 2011. Because the Court declines to include time related to the taking of depositions within the scope of the sanction, the costs involved in depositions is precluded. Therefore, the costs awarded for preparing for and attending the mediation shall be $186.75. See Bailey Decl., Ex. 1.

Presumably, the discrepancy between the hours determined by the Court and hours proposed by defendant is largely due to the inclusion of hours billed in preparation for the settlement conference, although since defendant did not provide the Court a detailed accounting of their proposal, it is difficult to be certain. This is not to say that Defendant did not provide any detailed objections – indeed, defendant disputed the number of hours claimed for several specific tasks, including the creation of the agreement and release, the motion to enforce the settlement agreement, and the fee petition. Def.'s Mem. at 4. Review of the entries listed in plaintiff's affidavit, however, does not reveal any patently unreasonable expenditures of time or unnecessarily duplicative use of staffing to complete those tasks. Furthermore, the tasks defendant took issue with fall within the proper scope of the sanction. Thus, while it is possible to question whether or not more than 30 hours are required to draft a motion to enforce a settlement agreement, the Court is satisfied that plaintiff's counsel has fulfilled the duty of an officer of the court to make truthful and accurate representations of the hours expended on this case, and therefore will not reduce the requested hours any further.

### C. Hourly Rates

Having established the scope of the hours expended, the next inquiry in determining the proper award is establishing a reasonable hourly rate for the litigation. On this issue, plaintiff proposes $495 per hour for plaintiff's counsel's two partners, and $350 per hour for plaintiff's counsel's two associates. Defendant asserts that those rates are unreasonably high, and suggests instead a maximum of $339 per hour. In determining a reasonable hourly rate, courts look to prevailing rates in the relevant community by attorneys of similar skill, experience, and reputation. Mendez v. County of San Bernadino, 540 F.3d 1109, 1129 (9th Cir. 2008) (internal citations omitted). To that end, this Court uses the most recent Oregon State Bar Economic Survey[1] (2007 OSB Survey) as its initial benchmark. Franklin v. Clarke, Civ. No. 1:10-CV-00382-CL, 2012 WL 1309191 at *2 (D. Or. April 16, 2012) (citing U.S. District Court, District of Oregon's website, Local Rule 54 Practice Tip to LR 54-3, http://ord.uscourts.gov/en/local-rules-of-civil-procedure-2012/lr-54-bill-of-costs-and-attorney-fees (last visited July 18, 2012)). The Court will also use the Oregon State Bar 2008 Hourly Rates Survey[2] (2008 OSB Survey) for guidance. Further, the Court will adjust the figures reported in the surveys for inflation.[3]

The parties first disagree on the proper location to determine prevailing community billing rates. Obviously, this case is pending in the Medford Division of the U.S. District Court

---

[1] Oregon State Bar 2007 Economic Survey, http://www.osbar.org/_docs/resources/07EconSurvey.pdf

[2] Oregon State Bar 2008 Hourly Rates Survey, http://osbar.org/_docs/resources/HourlyRatesSurvey/Litigation/LitigationTotals.pdf

[3] The Court applied annual inflation factors to each rate in the surveys cited based on a Consumer Price Index (CPI) of 0.0385 for 2008, -0.0034 for 2009, 0.0164 for 2010, and 0.032 for 2011.

of Oregon, which would fall under the "Southern Oregon" geographic area of the 2007 OSB Survey, and include Douglas, Jackson, Josephine, and Klamath Counties. However, the 2007 OSB Survey does not include any data for non-personal injury civil litigation billing rates for Southern Oregon. 2007 OSB Survey at 44. Plaintiff proposed that the most relevant information to this case was billing rates in downtown Portland, while defendant proposed the most relevant information to the case was Tri-County, including Washington, Clackamas, and Multnomah counties.[4] Given that this is a federal class action lawsuit of at least moderate complexity, and that both firms involved this litigation are located in or very near the downtown Portland area and therefore are likely to charge a rate consistent with that location, the Court finds that looking to Portland-area rates is an appropriate place to begin determining fees.

Looking at all areas of practice, the 95th Percentile rate for an attorney in Portland in the 2007 OSB Survey was $375, and adjusted for inflation to 2011, is $407. See 2012 WL 1309191 at *2; 2012 WL 442122 at *3 (applying CPI to account for inflation). The 95th Percentile rate for Portland civil litigation plaintiffs, excluding personal injury, was $350 in the 2007 OSB Survey, which adjusts to $380 for 2011. The 2008 OSB Survey, which was statewide, showed that 6 of 62 respondents in the employment law area of practice reported billing $400-$449, which adjusts to $418-$487 for 2011. Regarding experience, the 2007 OSB Survey shows an attorney admitted 21-30 years at the 95th percentile was $399, which adjusts to $433; while an attorney admitted over 30 years at the same percentile was $461, which adjusts to $500. For attorneys with 7-9 years of practice experience, the 95th percentile in 2007 was $360, which adjusts to $388. In a

---

[4]The 2008 OSB Survey does not list billing rates according to specific geographic areas, and is therefore not instructive on this issue.

ORDER - 7

recent case, this Court found that for a very experienced civil rights and employment attorney litigating a high-risk, complex matter, a reasonable hourly rate was $425. See Franklin v. Clarke, 2012 WL 1309191 at *4.

The two partners of Bailey Pinney, A.E. Bud Bailey and J. Dana Pinney, have 24 and 36 years in practice, respectively. Mr. Bailey states in plaintiff's memorandum that the primary focus of the Bailey Pinney firm is wage and hour litigation in Washington, Oregon, and California, as it has been for more than a decade. The memorandum notes a of litany of cases that the firm has won in the Oregon Court of Appeals, Oregon Supreme Court, and Ninth Circuit. Pl.'s Mem., pp. 5-6. A declaration submitted by A.E. Bud Bailey includes an affidavit of another Portland employment attorney, Richard Liebman, of the firm Barran Liebman, LLP. Mr. Liebman, commenting on Bailey Pinney's experience and attention to detail in 2000, stated that "the two primary attorneys with whom you will be dealing [Mr. Bailey and Mr. Pinney] are very experienced in dealing with wage collections statutes and cases . . . if an error is made by defense counsel, it will be found by the Bailey Pinney firm." Pl.'s Mem. at 4. Finally, plaintiff's memorandum states that in June 2011, Mr. Bailey and Mr. Pinney were approved for a billing rate of $495 by a court in the Northern District of California.

Based upon plaintiff's counsel's representations, and considering relevant data in the OSB surveys, this Court is satisfied that the partners at Bailey Pinney are highly experienced practitioners in the field of wage and hour litigation, and appropriately command hourly rates in the upper range of Portland civil litigation attorneys. In addition, both parties to this litigation have acknowledged that it is a complex class action lawsuit, rather than a "simple tort or contract matter." Reply Supporting Pl.'s Motion for Attorney Fees, Costs, and Expenses, ECF # 57, at 2;

Def. Reply Mem., ECF # 37, at 5; Decl. of Michael E. Haglund, ECF # 32, ¶ 4.

Therefore, the Court finds that $450 is a reasonable rate for Mr. Bailey and Mr. Pinney. Similarly, the Court notes that the requested rate for the Bailey Pinney associates is in step with the aforementioned survey rates adjusted for inflation, and therefore finds that $350 is also a reasonable rate.

## C. Conclusion

Based on the Court's determinations for hours billed within the scope of the sanction, and reasonable rates for plaintiff's counsel based on consideration of the relevant factors and circumstances of this case, the resulting total award for fees and costs is $47,751.75. Attorney fees break down as follows: $10,980.00 for Mr. Bailey (24.4 hours at $450 per hour); $3,195.00 for Mr. Pinney (7.1 hours at $450 per hour); $16,275 for Mr. Powelson (46.5 hours at $350 per hour); and $17,115.00 for Ms. Moore (48.9 hours at $350 per hour). Thus, the total attorney fees awarded under the sanction is $47,565.00. As mentioned previously, the total costs award is $186.75.

## ORDER

Based on the foregoing, the plaintiff is hereby awarded $47,751.75 in reasonable attorney fees and costs pursuant to the sanction set out in this Court's previous Order (#42).

IT IS SO ORDERED.

DATED this 23 day of July 2012.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE